Arlene **LIZOTTE**, Gregory Paul Lizotte and David Michael Lizotte, minors, by Roger Lizotte, their natural uncle and guardian ad litem, Appellant,

v.

CLAY COUNTY, ex rel. CLAY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent,

Paul Asplin, Respondent,

State of Minnesota, Commissioner of the Department of Public Welfare, Amicus Curiae.

No. 50977.

Supreme Court of Minnesota.

Jan. 2, 1981.

Thysell, Gjevre, McLarnan, Hannaher, Vaa & Skatvold and Galen J. Vaa, Moorhead, for appellant.

Larry K. Mickelberg, County Atty. and Judith A. Cummings, Asst. County Atty., Moorhead, for Clay County.

Paul Asplin, pro se.

Warren Spannaus, Atty. Gen., St. Paul, for State of Minnesota.

TODD, Justice.

Arlene Lizotte gave birth to the minor plaintiffs out of wedlock. A paternity proceeding was commenced against Paul Asplin. A lump settlement of support payments was entered into by Asplin, Arlene Lizotte, and Clay County which included an admission of paternity. The settlement was approved by the court. Subsequently, the guardian of the minors brought this action to have the judgment and the satisfaction of the judgment declared null and void. The trial count granted defendant's motion for summary judgment. We affirm.

The parties have stipulated to the facts as follows:

1. That plaintiff Arlene Lizotte is a resident of Clay County, Minnesota, and is the natural mother and legal custodian of minor plaintiffs Gregory Paul Lizotte born March 14, 1975 and David Michael Lizotte born February 10, 1976.

2. That at various times prior to May 8, 1978, plaintiff Arlene Lizotte made application to the defendant Clay County Department of Social Services for AFDC benefits pursuant to Public Law 93–647, and corresponding Minnesota statutory law and Department of Public Welfare regulations. That as a result of said applications, the defendant Clay County De-

partment of Social Services paid AFDC and public welfare benefits to the plaintiff Arlene Lizotte at various times and had paid the total sum of $21,959.88 to the plaintiff as of May 8, 1978.

3. That on May 8, 1978, the plaintiff Arlene Lizotte was eligible for AFDC benefits or other social service benefits and was receiving the same on a continuing basis in the sum of $347.00 general assistance plus $92.00 in food stamps per month plus all medical needs. That subsequent to May 8, 1978, the defendant Clay County Department of Social Service has paid the total sum of $4,344.67 in the form of AFDC benefits or other social service benefits to the plaintiff Arlene Lizotte. That the defendant Clay County Department of Social Service is presently paying the sum of $450.00 per month plus all medical needs to the plaintiff Arlene Lizotte and said plaintiff is presently fully eligible for said benefits.

4. That prior to receiving any AFDC benefits or other forms of public assistance from the defendant Clay County Department of Social Service the plaintiff Arlene Lizotte executed a standard form instrument entitled *AFDC Assignment of Support*, a true and correct copy of said document being attached to these Stipulation of Facts and incorporated by reference herein.

5. That prior to May 8, 1978, the defendant Clay County Department of Social Service commenced a civil lawsuit against Paul Asplin pursuant to M.S.A. Chapter 257 for the purpose of determining the said Paul Asplin to be the natural father of the minor plaintiffs to this action. That on May 8, 1978, the plaintiff Arlene Lizotte, defendant Clay County Department of Social Service, and defendant Paul Asplin executed a stipulation which purported to resolve said lawsuit, a true and correct copy of said stipulation being attached to this Stipulation of Facts and incorporated by reference herein. That on May 9, 1978, a judgment was entered in the Clay County District Court pursuant to said stipulation. That pursuant to said judgment, Paul Asplin

has paid the sum of $12,000.00 to the defendant Clay County. That on August 26, 1978, the defendant Clay County Department of Social Service filed a Satisfaction of Judgment with the Clerk of Court indicating full satisfaction of said judgment.

The issue presented is whether the plaintiff minor children are bound by the terms of the original lump–sum settlement.

■ 1. Initially, plaintiffs contend that the agreement did not adjudicate paternity for purposes of inheritance. However, since the court approved the stipulation and entered judgment pursuant thereto, Minn. Stat. § 525.172 (1978) clearly establishes that there is an adjudicated parentage. The statute also provides for a written admission of paternity, but does not require such a written statement where there has been an adjudication of paternity as was the case here.

■ 2. At oral argument, counsel conceded that since the children were not parties to the original action, they are not bound by the judgment. Thus, there is no justiciable issue before us since the alleged claims of the minor plaintiffs relate to circumstances which have not yet occurred, such as a wrongful death action brought in the event their father was killed under circumstances which give rise to a claim based on negligence or a worker's compensation claim. We do not render advisory opinions.

We note that Minnesota has recently adopted the Parentage Act, ch. 589, §§ 1–24, 1980 Minn.Laws, 1070–1079. Section 10 of this act mandates that the children be represented in proceedings which result in a lump–sum settlement. The act further mandates that the Commissioner of Welfare be appointed as guardian ad litem. The inherent conflict of interests between the commissioner and a minor child poses serious problems. However, the act is not applicable to these proceedings, and we need not rule on it.

Affirmed.